IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00342-CR

 

Robert Vincent Enright, Sr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the County Court at Law No.
1

Johnson County, Texas

Trial Court No. T200701154

 



MEMORANDUM  Opinion










 

            Robert Vincent Enright, Sr. was found
guilty of a Class C Misdemeanor in the justice of the peace court and appealed
that decision to the county court at law for a trial de novo.  See Tex. Code Crim. Proc. Ann. art. 45.042
(Vernon 2006).  He was found guilty by a jury in the county court at law and a
fine of $50 was imposed.  Enright has attempted to appeal that judgment.

            In a letter, the Clerk of this Court
notified Enright and the State that we questioned our jurisdiction because,
among other reasons, the appeal was from a trial de novo in the county court at
law from an inferior court’s ruling and requested a response from both
parties.  See Tex. Code Crim.
Proc. Ann. art. 4.03 (Vernon 2005).  Each party has provided a response.

            We have no jurisdiction of appeals
from a trial de novo in the county court at law of an inferior court’s ruling
if the fine imposed in the county court at law does not exceed $100.  Id.  The fine imposed in the county court at law was only $50.  Enright’s response
to our letter did not present any argument that we have jurisdiction of this
appeal which overcomes the above described limits placed upon this Court’s
jurisdiction by the legislature.

            Accordingly, his appeal is dismissed. 
See Tex. R. App. P. 44.3. 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Appeal
dismissed

Opinion
delivered and filed March 25, 2009

Do
not publish 

[CR25]






0;                                                                                       

      Ronald Wooten appeals his conviction for burglary of a habitation. A jury found Wooten
guilty and assessed punishment, enhanced by two prior felony convictions, at eighty-eight years
in prison. We affirm.
      In point one Wooten contends that the trial court erred in overruling his motion for an
instructed verdict of acquittal because the in-court identification of him by the State's witnesses
was the result of an impermissibly suggestive identification procedure conducted when he was
apprehended. Wooten, however, failed to preserve this issue for appellate review by objecting
to the testimony of the witnesses or their in-court identification of him as the burglar.


 In fact, the
record reflects that Wooten's attorney expressly waived a hearing on his pre-trial motion in limine
concerning in-court identification by the State's witnesses. Because nothing is preserved for
review, we overrule point of error one.



      In point two Wooten contends that the trial court erred in overruling his motion for an
instructed verdict because the evidence was insufficient to sustain his conviction for burglary. In
reviewing the legal sufficiency of the evidence, we must determine whether, after viewing the
evidence in the light most favorable to the verdict, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.



      Specifically, Wooten contends that the State's identification evidence is "hopelessly in conflict
and is insufficient to support a conviction." The jury, however, is the sole judge of the weight and
credibility of the witnesses and may believe or disbelieve all or any part of any witness'
testimony.



      Rhonda Smith testified she was a neighbor of Opal Rutledge, the burglary victim. According
to Smith, on May 13, 1992, she walked outside her mobile home to a clothesline she shared with
Rutledge and heard someone trying to get in the back door of Rutledge's mobile home. She
looked around the corner and saw a man wearing a white t-shirt, blue jeans, and tennis shoes
standing at Rutledge's back door. She watched him "work" on the door for a minute until he
popped it open; then she went back to her house and called for help. She first called the
manager's office of the mobile home park and then called the police. Smith stayed on the phone
with the police, but, through her window, she did see the maintenance man run around to
Rutledge's back door and a man come out of Rutledge's front door. Although Smith never got
a good look at the burglar's face, she testified that the man she saw coming out the front door was
wearing the same clothing as the man she saw breaking into Rutledge's back door. Smith locked
her doors and stayed in her house until the police came.
      Nelda Miller, the assistant manager of the mobile home park, testified that she received a call
from Smith just before noon on May 13. She and Lowell Williams, a maintenance employee,
immediately went to Rutledge's house. Miller testified that Williams went to the back door and
she went to the front door. According to Miller, as she reached the steps to the front porch, a man
came out the front door and looked at her, "as stunned as I was." Miller described the burglar as
wearing a blue and white striped t-shirt, faded blue jeans, and tennis shoes. Miller and Williams
began a search for the burglar in a wooded area near the mobile home park. The next time Miller
saw the burglar, he was being escorted out of the woods by a DPS officer. At trial, she identified
Wooten as both the man whom she had encountered leaving Rutledge's mobile home and the man
escorted out of the wooded area.
      Lowell Williams testified that, after checking Rutledge's back door, he heard Miller yell for
help. He went around to the front of the mobile home to see Miller chasing a man wearing a blue
or white t-shirt and blue jeans.
      James LeBlanc, a Department of Public Safety officer, testified that he found a man meeting
the description of the burglar lying face down in a ditch near the mobile home park. LeBlanc also
testified that when he made eye contact with the man in the ditch, the man put his face down,
attempting to hide in the tall grass. According to LeBlanc, the man was apprehended and then
identified as the burglar by Miller.
      Viewed in the light most favorable to the verdict, the evidence shows that Wooten was the
individual seen leaving the house. As a result, we conclude that the jury, as a rational trier of the
facts, could have found the essential elements of the crime beyond a reasonable doubt.


 
Accordingly, we overrule point of error two.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice


Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed December 1, 1993
Do not publish